UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RICHARD JAMES STUKE,

      Plaintiff,

v.

STATE OF MINNESOTA, COUNTY OF RAMSEY, and CITY OF ST. PAUL,

      Defendants.

Civil No. 08-5364 (RHK/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking permission to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).

In this case, Plaintiff's pleading is an incomprehensible collection of

phrases and sentence fragments.  The complaint does not describe any specific acts or omissions by any of the named Defendants; it does not show any legal basis for Plaintiff's claims, (whatever they may be), and it does not identify the specific relief, (if any), that Plaintiff is seeking.

While a pro se pleading is to be liberally construed, it still must allege some historical <u>facts</u>, which if proven true, would entitle the plaintiff to some legal relief against the named defendant(s), based on some settled legal principle or doctrine.  <u>Martin v. Sargent</u>, 780 F.2d 1334, 1337 (8th Cir. 1985) ('[a]lthough it is to be liberally construed, a <u>pro</u> <u>se</u> complaint must contain specific facts supporting its conclusions").  Conclusory allegations alone will not suffice.  <u>Martin v. Aubuchon</u>, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").

Because Plaintiff has not alleged any facts that would support any claim against any of the individual Defendants under any cognizable legal theory, he has failed to plead any cause of action on which relief can be granted.  Therefore, Plaintiff's IFP application must be denied, and this action must be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated: October 8, 2008            s/ *Jeanne J. Graham*
                                  JEANNE J. GRAHAM
                                  United States Magistrate Judge


## NOTICE

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **October 22, 2008**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.